# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: December 18, 2024

```
* * * * * * * * * * * * * *   *
ALISA JETT-CRAWFORD,          *      UNPUBLISHED
                              *
         Petitioner,          *      No. 21-2157V
                              *
v.                            *      Special Master Dorsey
                              *
SECRETARY OF HEALTH           *      Interim Attorneys' Fees and Costs.
AND HUMAN SERVICES,           *
                              *
         Respondent.          *
                              *
* * * * * * * * * * * * * *   *
```

Jessica Ann Wallace, Siri & Glimstad, LLP, Aventura, FL, for Petitioner.
Tyler King, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On November 10, 2021, Alisa Jett-Crawford ("Petitioner") filed a petition in the National Vaccine Injury Program[2] alleging that as a result of receiving an influenza ("flu") vaccine on November 11, 2018, she suffered polymyalgia rheumatica ("PMR") and appendicitis, requiring surgical intervention. Petition at Preamble (ECF No. 1).

On September 19, 2024, Petitioner filed a motion for interim attorneys' fees and costs, requesting compensation for the attorneys and paralegals who worked on her case. Petitioner's

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, the undersigned is required post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018) ("Vaccine Act" or "the Act"). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Motion for Interim Attorneys' Fees and Costs ("Pet. Mot."), filed Sept. 19, 2024 (ECF No. 71). Petitioner's request can be summarized as follows:

**Fees** – $34,370.90
**Costs** – $14,137.63

Petitioner thus requests a total of $48,508.53. Respondent filed a response on September 24, 2024, stating that "[R]espondent defers to the Special Master to determine whether or not [P]etitioner has met the legal standard for an interim fees and costs award." Respondent's Response to Pet. Mot. ("Resp. Response"), filed Sept. 24, 2024, at 2 (ECF No. 75). Petitioner filed a reply on September 27, 2024, maintaining her request for fees and costs. Pet. Reply in Support of Pet. Mot., filed Sept. 27, 2024 (ECF No. 76).

This matter is now ripe for adjudication. For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards $46,789.98 in attorneys' fees and costs.

## I.      DISCUSSION

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. § 15(e)(1). When compensation is not awarded, the special master "may" award reasonable fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. If a special master has not yet determined entitlement, she may still award attorneys' fees and costs on an interim basis. Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008). Such awards "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." Id. Similarly, it is proper for a special master to award interim fees and costs "[w]here the claimant establishes that the cost of litigation has imposed an undue hardship and that there exists a good faith basis for the claim." Shaw v. Sec'y of Health & Hum. Servs., 609 F.3d 1372, 1375 (Fed. Cir. 2010).

The claim appears at this point to have been brought in good faith and built on a reasonable basis. Moreover, the undersigned finds that an award of interim attorneys' fees and costs is appropriate here where there are significant fees to be paid.

### A.      Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." Raymo v. Sec'y of Health & Hum. Servs., 129 Fed. Cl. 691, 703 (2016).

Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by Respondent and without providing Petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Saxton, 3 F.3d at 1522.

A special master need not engage in a line-by-line analysis of Petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729(Fed. Cl. 2011). Special masters may rely on their experience with the Vaccine Act and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds and aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521.

### 1. Hourly Rates

Here, Petitioner requests the following hourly rates for the attorneys and paralegals who worked on this matter:

**Jessica A. Wallace – Attorney**
2021: $241.00
2022: $275.00
2023: $285.00
2024: $320.00

**Debra Gambella – Attorney**
2021-2023: $380.00
2024: $424.00

**Daisy Mazoff – Attorney**
2022-2023: $375.00

**Paralegals**
    2021: $168.00
    2022: $174.00
    2023: $180.00
    2024: $187.00

The undersigned finds the requested rates are reasonable and in accordance with what these attorneys and paralegals have previously been awarded for their Vaccine Program work. See, e.g., Knouse v. Sec'y of Health & Hum. Servs., No. 22-1777V, 2024 WL 4312142, at *1 (Fed. Cl. Spec. Mstr. Aug. 19, 2024) (awarding 2024 rates for Ms. Wallace and Ms. Gambella); W.R. v. Sec'y of Health & Hum. Servs., No. 20-1401V, 2023 WL 8187303, at *2 (Fed. Cl. Spec. Mstr. Oct. 23, 2023) (awarding 2023 rates); Carroll ex rel. J.W. v. Sec'y of Health & Hum. Servs., No. 19-1125V, 2023 WL 2771034, at *2-3 (Fed. Cl. Spec. Mstr. Apr. 4, 2023) (awarding the 2021 and 2022 rates). The undersigned will therefore award the rates requested.

### 2. Reduction of Billable Hours

The undersigned has reviewed the submitted billing entries and finds a reduction necessary for several reasons.

First, there are various billing entries for administrative tasks, including preparing exhibits for filing and downloading and saving documents.[3] Some of these administrative tasks were done by an attorney at an attorney rate and not at a paralegal rate.[4] "While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal." Paul v. Sec'y of Health & Hum. Servs., No. 19-1221V, 2023 WL 1956423, at *3 (Fed. Cl. Spec. Mstr. Feb. 13, 2023). "Clerical and secretarial tasks should not be billed at all, regardless of who performs them." Id.; see also Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates").

Next, the undersigned finds some tasks were duplicative and/or excessive. For example, on December 13-14, 2021, Ms. Gambella billed 4.6 hours ($772.80) for drafting an exhibit list. Ms. Gambella further revised this exhibit list on December 26, 2021 ($114.00). Then, Ms. Novak, a paralegal, began drafting and revising an exhibit list in January 2022, spending 2.3 hours ($400.20).[5] This exhibit list was less than two pages and the bill lacked sufficient detail to explain the amount of time spent on this task.

---

[3] For example, see entries dated January 27, 2022 ("review and prepare exhibits for filing"), September 14, 2022 (same), February 13, 2023 (same), February 13, 2023 (highlighting/preparing literature for filing), March 15, 2023 (same), March 16, 2023 (same), April 6, 2023 (same).

[4] For example, see entry dated July 20, 2024 ("prepare exhibits [] for filing").

[5] This includes time spent on the "notice of filing," as the "notice of filing" was the "exhibit list."

Additionally, Ms. Novak billed 0.40 hours ($69.60) for drafting, reviewing, and finalizing a notice of change of address, which is excessive when the same notice of change of address can be filed in all Vaccine Program cases. From September 13-15, 2022, Ms. Novak drafted, revised, reviewed, prepared, and finalized a notice of filing and exhibit list for 0.9 hours ($156.60). This exhibit list and notice of filing contained one new exhibit that was six pages. Throughout litigation, Ms. Novak and other paralegals have continued to bill at minimum 0.4 hours for "draft," "review," "revise," "prepare," and/or "finalize" any filing from Petitioner.

The undersigned also notes instances where an attorney and paralegal billed for the same emails and tasks,[6] or instances where a paralegal billed for the same task twice in one day.[7]

Some of these issues have previously been raised with this firm. See, e.g., Carroll, 2023 WL 2771034, at *3-4. Therefore, given the number of issues, the undersigned finds a reduction of fees by 5% to be reasonable, resulting in a reduction of $1,718.55.[8]

## B. Attorneys' Costs

Petitioner requests $14,137.63 for expenses incurred including miscellaneous costs, such as obtaining medical records, Fed Ex costs, research fees, and the filing fee, and $11,625.00 for work performed by Dr. M. Eric Gershwin. Dr. Gershwin billed 23.25 hours at a rate of $500.00 per hour. This rate is consistent with what Dr. Gershwin has been awarded previously. See, e.g., Le v. Sec'y of Health & Hum. Servs., No. 16-1078V, 2023 WL 2054467 (Fed. Cl. Spec. Mstr. Feb. 17, 2023) (awarding Dr. Gershwin a rate of $500.00 per hour). The undersigned finds Dr. Gershwin's rate and billing reasonable, and will award his fee in full. The undersigned finds the remaining expenses reasonable and supported with appropriate documentation, and thus, will award them in full.

## II. CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and her attorneys as follows:

| | |
|---|---|
| Requested Attorneys' Fees: | $34,370.90 |
| Reduction of Attorneys' Fees: | - $1,718.55 |
| Awarded Attorneys' Fees: | $32,652.35 |

---

[6] For example, see entries dated December 27, 2022 (paralegal and Ms. Wallace billing 1.50 hours, $311.50, for same email communications and work related to a motion for extension of time); August 8, 2023 (paralegal and Ms. Wallace billing 0.6 hours, $150.00, for emails with Petitioner's expert).

[7] For example, see entry dated September 10, 2024 (two billing entries for review of Respondent's notice of appearance).

[8] $34,370.90 x 0.05 = $1,718.545. The undersigned will round up to $1,718.55.

| | |
|---|---|
| Requested Attorneys' Costs: | $14,137.63 |
| Reduction of Attorneys' Costs: | - $0.00 |
| Awarded Attorneys' Costs: | $14,137.63 |
| | |
| **Total Interim Attorneys' Fees and Costs:** | **$46,789.98** |

**Accordingly, the undersigned awards:**

**A lump sum in the amount of $46,789.98, representing reimbursement for reasonable interim attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Jessica Wallace.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[9]

**IT IS SO ORDERED.**

/s/ **Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.